UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: KINLEY MACDONALD | ) ) ) ) ) | 2:22-cv-00336-JAW |

### RECOMMENDED DECISION ON PETITION
### FOR WRIT OF MANDAMUS

Petitioner Kinley MacDonald was evidently involved in a contested parental rights action in Maine state court. (Petition, ECF No. 1.) Petitioner alleges that the process was flawed, and that the Maine state court improperly deprived her of her parental rights. She asks the Court to issue a writ of mandamus. While Petitioner has not specified the purpose of the writ, she apparently wants the Court to direct the Maine state court to stay or modify one or more of its decisions or to alter its process. A federal court does not have the authority to issue a writ of mandamus to direct a state court to issue an order or otherwise to direct state courts or judicial officers in the performance of their official duties. *In Re Martinez*, 778 Fed. App'x 198, 199 (3rd Cir. 2019); *Cross v. Thaler*, 356 Fed. App'x 724, 725 (5th Cir. 2009); *Woods v. Weaver*, 13 Fed. App'x 304, 306 (6th Cir. 2001); *In re Austin*, 8 Fed. App'x 253, 254 (4th Cir. 2001); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998). Accordingly, I recommend the Court dismiss the petition.[1]

---

[1] To the extent Petitioner's filing could be construed as a complaint seeking different remedies based on a federal cause of action, such as declaratory or injunctive relief, dismissal would likely still be required because federal district courts ordinarily may not review the final decisions of state courts, *see generally*, *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), or interfere during ongoing state court proceedings when the federal claims may be raised within those proceedings, *see generally*, *Younger v. Harris*, 401 U.S. 37 (1971).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 1st day of December, 2022.